IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1226 T

(Judge Loren A. Smith)

SUSAN M. RHODE,

Plaintiffs

v.

THE UNITED STATES,

Defendant

ANSWER

Defendant, the United States, in answer to the complaint, respectfully denies each and every allegation contained therein that is not admitted below.

Defendant further responds as follows:

**<u>COMPLAINT</u>**

**COUNT I**

**(For Recovery of Taxes Paid and Abatement of TFRP for First Quarter 2001)**

1. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 1 of the complaint with respect to plaintiff's residence. Admits the remaining allegations in ¶ 1 of the complaint.

2. Admits the allegations in ¶ 2 of the complaint.

3. Denies the allegations in the first sentence in ¶ 3 of the complaint that the trust fund recovery penalty and interest were erroneously and/or illegally assessed and collected from plaintiff. Admits the remaining allegations in the first sentence in ¶ 3 of the complaint. With respect to the allegations in the second sentence in ¶ 3 of the complaint, admits only that, if this Court has jurisdiction, it is founded upon 28 U.S.C. § 1491(a)(1).

4. Denies the allegations in the first sentence in ¶ 4 of the complaint that the Internal Revenue Service erroneously assessed a penalty against plaintiff for unpaid employment taxes. Admits the remaining allegations in the first sentence in ¶ 4 of the complaint. With respect to the second sentence in ¶ 4 of the complaint, admits only that a copy of a document is attached to the complaint at 012-013.

5. Denies the allegations in the first sentence in ¶ 5 of the complaint that the TFRP was erroneously assessed against plaintiff. Admits the allegations in the first sentence in ¶ 5 of the complaint that plaintiff paid $793.00, that Tech Arch's Inc.'s EIN is 41-1841273; and that plaintiff was assessed $96,331.74. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in ¶ 5 of the complaint. With respect to the second sentence in ¶ 5 of the complaint, admits only that a copy of a document is attached to the complaint at 014-151.

6. Admits the allegations in the first sentence of ¶ 6 of the complaint. With respect to the second sentence in ¶ 6, admits only that a copy of a document is attached to the complaint at 152-153.

7. Denies the allegations in ¶ 7 of the complaint that TFRP was erroneously assessed against plaintiff. Admits the remaining allegations in ¶ 7 of the complaint, except avers that $793.00 was paid by plaintiff on June 23, 2005.

8. Denies the allegations in ¶ 8 of the complaint that TFRP was erroneously assessed against plaintiff. Admits the remaining allegations in ¶ 8 of the complaint.

9. Denies the allegations in the first sentence in ¶ 9 of the complaint that plaintiff is entitled to judgment against defendant. With respect to the allegations in the first sentence of ¶ 9 regarding Exhibit D, admits only that a copy of a document is attached to the complaint at 088-121. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 9 of the complaint. Avers that the allegations in the first sentence of ¶ 9(a) of the complaint regarding I.R.C. § 6672, are contentions of law to which no response is required. Denies the allegations in the second sentence of ¶ 9(a) of the complaint. Admits the allegations in ¶ 9(b) of the complaint that the IRS concluded that plaintiff was a "responsible person" during the periods ending 3/31/01, 6/30/02, and 9/30/02. Denies the remaining allegations in ¶ 9(b) of the complaint. Denies the allegations in ¶ 9(c) of the complaint, except avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations that TechArch had no unencumbered funds when plaintiff became a "responsible person". Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9(d)-(f) of the complaint. Denies the allegations in ¶ 9(g) of the complaint.

**COUNT II**

**(For Recovery of Taxes Paid and Abatement of TFRP for Second Quarter 2002)**

10. Defendant repeats the responses set forth in ¶¶ 1-3 of this answer as if fully set forth herein.

11. Denies the allegations in the first sentence in ¶ 11 of the complaint that the Internal Revenue Service erroneously assessed a penalty against plaintiff for unpaid employment taxes. Admits the remaining allegations in the first sentence in ¶ 11 of the complaint. With respect to the second sentence in ¶ 11 of the complaint, admits only that a copy of a document is attached to the complaint at 154-155.

12. Denies the allegations in the first sentence in ¶ 12 of the complaint that the TFRP was erroneously assessed against plaintiff. Admits the allegations in the first sentence in ¶ 12 of the complaint that plaintiff paid $67.73, that Tech Arch's Inc.'s EIN is 41-1841273; and that plaintiff was assessed $81,469.18. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in ¶ 12 of the complaint. With respect to the second sentence in ¶ 12 of the complaint, admits only that a copy of a document is attached to the complaint at 156-189.

13. Admits the allegations in the first sentence of ¶ 13 of the complaint. With respect to the second sentence in ¶ 13 of the complaint, admits only that a copy of a document is attached to the complaint at 152-153.

14. Denies the allegations in ¶ 14 of the complaint that TFRP was erroneously assessed against plaintiff. Admits the remaining allegations in ¶ 14 of the complaint, except avers that $67.73 was paid by plaintiff on June 23, 2005.

15. Denies the allegations in ¶ 15 of the complaint that TFRP was erroneously assessed against plaintiff. Admits the remaining allegations in ¶ 15 of the complaint.

16. Denies the allegations in the first sentence in ¶ 16 of the complaint that plaintiff is entitled to judgment against defendant. With respect to the allegations in the first sentence of ¶ 16 of the complaint regarding Exhibit D, admits only that a copy of a document is attached to the complaint at 132-133. Avers that the allegations in the first sentence of ¶ 16(a) of the complaint regarding I.R.C. Section 6672, are contentions of law to which no response is required. Denies the allegations in the second sentence of ¶ 16(a) of the complaint. Denies the allegations in ¶ 16(b) of the complaint and avers that defendant repeats the responses set forth in ¶ 9 of this answer as if fully set forth herein. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16(c)-(d) of the complaint. Denies the allegations in ¶ 16(e) of the complaint.

**COUNT III**

**(For Recovery of Taxes Paid and Abatement of TFRP for Third Quarter 2002)**

17. Defendant repeats the responses set forth in ¶¶ 1-3 of this answer as if fully set forth herein.

18. Denies the allegations in the first sentence in ¶ 18 of the complaint that the Internal Revenue Service erroneously assessed a penalty against plaintiff for unpaid employment taxes. Admits the remaining allegations in the first sentence in ¶ 18 of the complaint. With respect to the second sentence in ¶ 18 of the complaint, admits only that a copy of a document is attached to the complaint at 190-191.

19. Denies the allegations in the first sentence in ¶ 19 of the complaint that the TFRP was erroneously assessed against plaintiff. Admits the allegations in the first sentence in ¶ 19 of the complaint that plaintiff paid $301.21, that Tech Arch's Inc.'s EIN is 41-1841273; and that plaintiff was assessed $32,341.45. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in ¶ 19 of the complaint. With respect to the second sentence in ¶ 19 of the complaint, admits only that a copy of a document is attached to the complaint at 192-220.

20. Admits the allegations in the first sentence of ¶ 20 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in ¶ 20 of the complaint.

21. Denies the allegations in ¶ 21 of the complaint that TFRP was erroneously assessed against plaintiff. Admits the remaining allegations in ¶ 21 of the complaint, except avers that $301.21 was paid by plaintiff on June 23, 2005.

22. Denies the allegations in ¶ 22 of the complaint that TFRP was erroneously assessed against plaintiff. Admits the remaining allegations in ¶ 22 of the complaint.

23. Denies the allegations in the first sentence of ¶ 23 of the complaint that plaintiff is entitled to judgment against defendant. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶ 23 of the complaint regarding Exhibit D and Exhibit 5. Avers that the allegations in the first sentence of ¶ 23(a) of the complaint regarding I.R.C. § 6672, are contentions of law to which no response is required. Denies the allegations in the second sentence of ¶ 23(a) of the complaint. Denies the allegations in ¶ 23(b) of the complaint and avers that defendant repeats the responses

set forth in ¶ 9 and ¶ 16 of this answer as if fully set forth herein. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23(c) of the complaint. Denies the allegations in¶ 23(d) of the complaint.

24. Denies the allegations in ¶ 24 of the complaint.

25. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 25 of the complaint.

**<u>"WHEREFORE" CLAUSE</u>**

Denies the allegations contained in the "Wherefore" clause of the complaint.

**FIRST COUNTERCLAIM**

26. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, a delegate of the Attorney General of the United States, pursuant to the provisions of Section 7401 of the Internal Revenue Code.

27. Jurisdiction over this counterclaim is conferred on the court by 28 U.S.C. § 1503.

28. On October 4, 2004, the Internal Revenue Service timely assessed against the above-captioned plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 in the amount of $96,331.74. The current balance of this liability, with associated interest, is $102,628.45.

29. On October 4, 2004, the Internal Revenue Service timely assessed against the above-captioned plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 in the amount of $81,469.18. The current balance of this liability, with associated interest, is $87,420.14.

30. On October 4, 2004, the Internal Revenue Service timely assessed against the above-captioned plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 in the amount of $32,341.45. The current balance of this liability, with associated interest, is $34,419.49.

31. The unpaid balance of the Trust Fund Recovery Penalties assessed against plaintiff is $224,468.08.

**SECOND COUNTERCLAIM**

32. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, a delegate of the Attorney General of the United States, pursuant to the provisions of Section 7401 of the Internal Revenue Code.

33. Jurisdiction over this counterclaim is conferred on the court by 28 U.S.C. § 1503.

34. On April 15, 2003, plaintiff filed her U.S. Individual Income Tax Return (Form 1040) for the period ending December 31, 2002. On May 26, 2003, plaintiff was assessed tax in the amount of $44,951.00 pursuant to the return filed for the 2002 tax year. The unpaid balance of plaintiff's personal income tax liability for the 2002 tax year, with associated interest, is $12,071.72.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiff. Defendant further demands judgment against plaintiff in the sum of $236,539.80, or such greater amount as may be due, plus interest according to law and costs.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/David Gustafson
Of Counsel

March 10, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer and First and Second Counterclaims has, this 10th day of March 2006, been made on plaintiff by electronic filing and by mailing a copy thereof, in a postage prepaid envelope, to the following address:

John P. James, Esquire
Lommen, Nelson, Cole & Stageberg, P.A.
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402

s/Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440
(202) 514-9440 (facsimile)